[No. 7,503.—Department Two.]
November 14, 1882.

## B. STRUEVEN *v.* HIS CREDITORS.

EFFECT OF INSOLVENCY ACT OF 1880 ON THE PROCEDURE IN CASES INSTITUTED UNDER ACT OF 1852—STATUTORY CONSTRUCTION—PLEADING—INSOLVENCY.—The Insolvency Act of 1852 under which the proceedings were commenced did not require the answer of the petitioner to the opposition of a creditor to be verified. Prior to the filing of the answer to the op-

position, the Insolvency Act of 1880, which requires the verification of the pleadings, had gone into effect. *Held:* The answer to the opposition should have been verified.

ID.—EFFECT OF PROVISO OR SAVING CLAUSE IN REPEALING CLAUSE OF ACT.— The provision in Section 68 of the Act of 1880, that the Act is not to affect *any case* previously instituted, is not intended to keep alive the former mode of procedure in conflict with the Act.

OBJECTION FOR THE FIRST TIME IN SUPREME COURT.—The objection that the opposing creditor had not proved his claim before filing his opposition can not be taken for the first time in the Supreme Court.

APPEAL by Donnelly, Dunne & Co., opposing creditors, from the judgment of the Superior Court of the City and County of San Francisco granting a discharge. HALSEY, J.

Proceeding in insolvency. On the seventeenth of March, 1880, the respondent Strueven filed his petition in the Superior Court asking a discharge from his debts. On the fifth of May, 1880, A. J. Donnelly and others, creditors appealing, filed their opposition in writing, alleging divers frauds, committed by petitioner, for which they claimed he should be denied his discharge. This opposition was verified. On May 14, 1880, the petitioner filed an answer to the opposition consisting of a general denial not verified, which appellants moved to strike out, and afterwards, on the twenty-second of July, the petitioner elected to file an amended answer to the opposition. This answer was not under oath.

On the twenty-sixth of July, 1880, the opposing creditors gave notice of motion to strike out this last answer, because it was not verified, and to dismiss the petition for want of answer, and on the sixteenth of August, 1880, the Court denied the motion to strike out the amended answer, to which the opposing creditors took their bill of exceptions, which sets forth the foregoing facts. On the twentieth of August, 1880, the Court entered an order discharging the petitioner from his debts, and from this order an appeal is taken.

*William Matthews*, for Appellants.

The Court erred in refusing to grant the motion to strike out. The Insolvent Act, approved April 16, 1880, had taken effect June 15th. Section 50, of that Act, provides that the

opposition and the answer to it shall be verified. (Statutes of 1880, p. 330.) This provision concerned procedure and the remedy merely, and therefore operated upon the pending case, and governed all pleadings filed after its passage. (*Donner* v. *Palmer*, 23 Cal. 40.)

The Court below seemed to think that the clause in Section 68 of the Act (Statutes 1880, 334), providing that the repeal of previous insolvent laws, "shall in no manner invalidate or affect any case in insolvency," then pending, in some way so acted as to continue in force the repealed Act as to the pleadings in this case. It is submitted that no such result follows. Such a construction would give us two systems of procedure on foot at the same time.

The word "affect," as used in the section referred to, is a repetition of the word "invalidate," and is used in the sense in which it is employed in Sections 8 and 18 of the Code of Civil Procedure. But, under the previous insolvent law, the opposing creditors were entitled to an answer under oath. The Act itself was silent on the matter. (Insol. Act., § 20, Statutes of 1852, p. 73.) The Code of Civil Procedure, therefore, furnished the rule to guide the Court. (C. C. P., § 4.) Under it, answers to all verified pleadings must be verified. (C. C. P., § 446.)

*H. Lowenthal*, for Respondent.

This answer, "or plea," the appellants moved to strike out, and for a dismissal of all proceedings, which motion was denied. This ruling we say was proper. The record shows that appellants were not creditors of insolvent. Nor does the record show that they have proved their alleged claim, as required by said Act. This we say was necessary before they could contest the insolvent's discharge. (See Section 10, Cowdery's Insolv. L. of Act 1852.) Appellant should have applied for leave to intervene in the proceedings. (4 Cal. 337.) The Insolvent Act of 1880 in no manner affected this case, the opposition having been filed prior to the passage thereof. (See Section 68, Act 1880.) The statutes of 1852 did not provide that the opposition to a discharge should be by a verified or any petition; all that it said upon the subject is, "That any creditor (meaning of course a creditor who has proven his

claim as in § 10 provided) should deem it necessary to oppose it on the ground of some fraud having been committed by the insolvent debtor, he shall, within ten days thereafter, lay before the Court which has already taken cognizance of the case, his written opposition, stating the several grounds, etc. whereupon in case of accusation or fraud, after having received the debtor's answer, the court shall order a jury summoned, etc., for the purpose of deciding on the said accusation." (See § 20 of said act.)

And we say that an oral plea in open court received by the judge thereof, and entered of record is all that was requisite under said statute, as no form of pleadings is prescribed.

And we say that inasmuch as the statute is silent as to the manner in which the Court is to receive the answer, it is reasonable to presume from the language of the section that the answer or plea may be orally received by the court, and ordered to be recorded by the clerk, or the same may be reduced to writing and handed to the Court to be filed of record; such has been the rule laid down in all insolvency cases that ever came before the courts since the repeal of the Federal Bankruptcy Act.

The above proposition is sustained in case of *D. B. Sanborn* v. *His Creditors*, 37 Cal. Reports, p. 611. Again: The petition of appellants contains charges of fraud against the respondent, which, if admitted, might subject him to criminal prosecution, and we say, on that ground, the insolvent, even if the statute required a verified answer, could avail himself of his right to file an unverified plea. (See Section 446, Code Civil Procedure.)

The COURT:

The insolvency proceedings were commenced under the Act of 1852. That Act did not require the answer of the petitioner to the opposition of a creditor to be verified. Prior to the filing of the answer in this case, the Legislature had passed the Insolvent Act of 1880, which requires verification of the pleadings. This requirement concerns procedure merely, and governs pleadings filed after its passage. According to Section 68 of the Act of 1880, that Act is not to affect *any case* previously instituted; but there is no indication of an in-

tention to keep alive the former mode of procedure in conflict with the Act.  The Court erred in dismissing the opposition and in making a decree of discharge.

The objection that the opposing creditor had not proved his claim before filing his opposition is taken too late, when taken in this Court for the first time.

Judgment reversed and cause remanded for further proceedings.